IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RODERICK T. ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11-cv-1130-MJR |
| | ) | |
| DR. NATHAN CHAPMAN and | ) | |
| DR. FAHIM, | ) | |
| | ) | |
| Defendants. | ) | |

<u>MEMORANDUM AND ORDER</u>

REAGAN, District Judge:

  Plaintiff Roderick T. Allen, a prisoner at Menard Correctional Center, brings this pro se action pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint.

  Recently, in an Order dated July 9, 2012, the Court denied three of Plaintiff's motions to amend his complaint because he had not tendered a proposed amended complaint with the motions (Doc. 33). Plaintiff was given leave, however, to file a new motion to amend, with a proposed amended complaint, by August 13, 2012. He was advised that if he did not do so the Court would proceed to review his original complaint. The Court also admonished Plaintiff not to file repetitive motions, noting its review of Plaintiff's complaint was being delayed by the 20 motions Plaintiff had filed.

  It is now past August 13, and Plaintiff has not filed a motion for leave to amend or proposed amended complaint. Instead, Plaintiff moves for an extension of time, saying he did not expect to have his legal papers until the end of July or later (Doc. 34). He also says Menard staff is sabotaging his legal work by putting him in a cell with an inmate who will not allow Plaintiff

to turn on the light when doing legal work. Despite the delay in obtaining his legal papers, and despite his cellmate, Plaintiff has filed five new motions. In one of those motions Plaintiff informs the Court that he still does not have his legal papers (Doc. 38). Nevertheless, Plaintiff's motion for an extension of time to file an amended complaint is **DENIED** (Doc. 34), since he has proven he has no difficulty filing motions. He does not say what the legal papers are or why he needs them. In addition, granting Plaintiff additional time to amend his complaint would likely be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir.2011). The allegations in his complaint and in his many motions are so vague and implausible that allowing him additional time would not likely help.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> **(a) Screening.**— The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for Dismissal.**— On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> > **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > **(2)** seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009). Although the Court is obligated to accept factual allegations as true, *Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of the plaintiff's claim, *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a pro se complaint are to be construed liberally. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir.2009).

Upon careful review of the complaint (Doc. 1), the Court finds it appropriate to exercise its authority under § 1915A; the complaint is subject to summary dismissal.

In Count 1, Plaintiff claims he was overexposed to X-ray radiation on July 27, 2009, during a routine X-ray in the Health Care Unit at Menard Correctional Center. He asks the Court to verify that overexposure occurred, order Menard to post warning signs and information about protective gear, and award plaintiff future medical costs and punitive damages. Plaintiff refers to Exhibit A, a letter from James Alms telling Plaintiff that his grievance about exposure to X-ray radiation was not in his file and had been returned to him because he had not followed the proper procedure for filing the grievance.

In Count 2, Plaintiff claims a Health Care Unit staff member gave him a contaminated tuberculosis skin test on February 26, 2010. He refused to be given the same test in March 2011. Plaintiff refers to Exhibit B, grievances he has filed and the administration's responses.

The Federal Rules of Civil Procedure require only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Yet Plaintiff's one-sentence statement about exposure to radiation does not give enough information about his claim. Likewise, his allegation about the contaminated skin test contains only two sentences. He

3

does not say how he knows he was overexposed to radiation or how the skin test was contaminated. He does not say whether he suffered any harm or was treated after either incident. He does not mention either Defendant Chapman or Fahim. Consequently, Plaintiff does not plead enough facts to state a claim for relief that is plausible on its face. His allegations are also so sketchy and implausible that they fail to provide sufficient notice of his claim. Counts 1 and 2 are dismissed without prejudice.

Next, in Count 3, Plaintiff alleges dental malpractice. He claims that Dr. Chapman, the dentist and dental director at Menard, cultivated and then implanted bacteria in Plaintiff's mouth to simulate swelling characteristic of a tooth infection. The resulting swelling was ignored during a December 14, 2010 appointment to allow it to become worse. On April 27, 2011, the swelling was acknowledged (Plaintiff does not say by whom), but he was only given a second-choice antibiotic, Cephalexin, and it had no effect on the swelling or pain. Sometime before July 8, 2011, Dr. Overall gave him tetracycline, which eliminated the pain but had no effect on the swelling. Plaintiff was examined by Dr. Overall on July 8, 2011, who found that the swelling did not fit the profile of a tooth infection. Plaintiff says subsequent efforts to document the type of bacteria used and whether the infection has spread into his jaw bone have failed. Plaintiff refers to Exhibits C and D, copies of his grievances.

The Court finds that Plaintiff's claim of dental malpractice, probably better construed as a violation of the Eighth Amendment's prohibition of cruel and unusual punishment, does not plead enough facts to state a claim for relief that is plausible on its face. Plaintiff does not say why he believes Chapman cultivated bacteria, or how or when Chapman might have implanted them in Plaintiff's mouth. Moreover, Plaintiff's grievance about the December 14 appointment says Chapman gave Plaintiff an "ultimatum" that Chapman needed to be allowed to

4

pull some teeth, but Plaintiff was refusing any needle injections or other invasive procedures (Doc. 1, Ex. 1, p. 14). Plaintiff complained that Chapman would not give him antibiotics and Ibuprofen for his broken and possibly infected tooth. These statements by Plaintiff in his grievance tend to undermine his allegations here; namely, it is more plausible that the swelling was caused by Plaintiff's broken tooth than by bacteria cultivated by Chapman. And Chapman was not deliberately indifferent to Plaintiff's condition. He told Plaintiff he needed to pull the tooth (or teeth), and Plaintiff refused.

In any case, while a court generally must accept the factual allegations in a complaint as true, it need not accept them *without question*. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). A court may dismiss a claim as factually frivolous if the facts alleged are "'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32–33 (quoting *Neitzke*, 490 U.S. at 325–28); *accord Edwards v. Snyder*, 478 F.3d 827, 829 (7th Cir.2007) (a claim is factually frivolous if its allegations are "bizarre, irrational or incredible."). As the Court stated above, Plaintiff does not give any reason for his belief or suspicion that Chapman cultivated and implanted bacteria in his mouth. The Court finds the facts alleged are clearly baseless and, therefore, Plaintiff's claim in Count 3 is factually frivolous. Count 3 is dismissed with prejudice.

In Count 4, Plaintiff claims he was given misinformation (the Court presumes by someone in the law library) about how a record on appeal is transmitted to an appellate court. On July 19, 2011, an unnamed library staff member made numerous "implied" threats to sabotage Plaintiff's legal work. Later, the law library refused to provide sufficient copies of his pro se opening brief in a timely manner. The appellate court responded by returning the insufficient copies to Plaintiff and giving him a new deadline. Yet the law library still refused to provide the

required number of copies and almost three months went by before the copies were provided. Plaintiff refers to Exhibit E, his grievances about these incidents.

The Court construes this claim as denial of access to the courts. The claim fails, however, because Plaintiff has not made any showing of prejudice to a legal claim, as required. *See Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir.2009); *Campbell v. Clarke*, 481 F.3d 967, 968 (7th Cir.2007). Plaintiff says the appellate court gave him a new deadline, so he did not lose his case.[1] He also does not implicate either of the named defendants, Chapman or Fahim, only unnamed law-library staff. Count 4 is dismissed without prejudice.

Count 5, Plaintiff's final claim,[2] is captioned "Denial of Protective Custody." It gives only a correction to paragraph 6 of the Administrative Review Board Hearing Summary from March 28, 2008, which Plaintiff attaches as Exhibit F. He says it should read: "I have reason to believe my half-sister, Paula Powers, will take steps to bring about my death to defraud me of an estate my natural father left me" (Doc. 1, p. 6). No other information is given that might substantiate the allegation about his half-sister. As with the other claims in this action, Plaintiff does not plead enough facts here to state a claim for relief that is plausible on its face, and his allegation is so sketchy and implausible that it fails to provide any defendant with sufficient notice of his claim. Count 5 is dismissed without prejudice.

**Pending Motions**

Plaintiff's pending motions (Docs. 9, 30, 31, 32, 35, 36, 37, 38) are **DENIED** as moot. But Plaintiff has also filed a motion requesting photocopies of documents 1–29 and 32 because he still does not have his legal papers and Menard staff will not return them to him (Doc.

---

[1] He includes two court orders from the Illinois Court of Appeals. The second order, dated December 8, 2011, granted him additional time to provide the appropriate number of briefs (Doc. 1, Ex. 2, p. 16).
[2] Plaintiff's claim against Rust Consulting, Inc. was voluntarily dismissed earlier (Doc. 33).

39). Plaintiff's motion is **GRANTED IN PART**. The Clerk of Court is **DIRECTED** to mail Plaintiff a copy of his original complaint and the attached documents (Doc. 1, Exs. 1 & 2).

**<u>Disposition</u>**

IT IS HEREBY ORDERED that **COUNTS ONE, TWO, FOUR,** and **FIVE** fail to state a claim upon which relief can be granted, and thus are **DISMISSED without prejudice**. **COUNT THREE** is frivolous and thus is **DISMISSED with prejudice**. Defendants **CHAPMAN** and **FAHIM** are **DISMISSED** from this action **without prejudice**. The Clerk of Court is directed to enter judgment in accordance with this Order.

Plaintiff is advised that the dismissal of this case counts as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir.2011) (A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim.). Furthermore, Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir.1998).

**IT IS SO ORDERED.**

**DATED: August 29, 2012**

**/s/ MICHAEL J. REAGAN**
**MICHAEL J. REAGAN**
**United States District Judge**