IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RODERICK T. ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11-cv-1130-MJR |
| | ) | |
| DR. NATHAN CHAPMAN and | ) | |
| DR. FAHIM, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

REAGAN, District Judge:

Plaintiff Roderick T. Allen, a prisoner at Menard Correctional Center, moves for reconsideration of the Court's order denying him an extension of time to file an amended complaint, dismissing his complaint, and assessing him a strike under 28 U.S.C. § 1915(g) (Doc. 68).[1] After the Court dismissed the complaint (Doc. 40), Plaintiff appealed, but the court of appeals found that the complaint had been properly dismissed at screening for failure to state a viable claim (Doc. 65). It also revoked Plaintiff's leave to proceed on appeal *in forma pauperis*, because "no reasonable person would supposed that [his] appeal has merit," and ordered him to pay the appellate filing fees. When he did not do so, his appeal was dismissed (Doc. 71).

Now, in his motion for reconsideration, Plaintiff asks the Court to reconsider its findings in this case. He believes he has a meritorious case, yet he is unable to pay the appellate

---

[1] Plaintiff claims violations of his constitutional rights under 28 U.S.C. § 1983. He alleges that the staff at the Menard Correctional Center exposed him to excessive X-ray radiation, gave him a contaminated tuberculosis skin test, cultivated and implanted bacteria in his mouth, denied him access to the courts, and denied him protective custody from his half sister.

filing fees. He includes two appendixes that appear to be the briefs he filed in two appeals, one from this case and one from a similar case[2] (Doc. 68, Exs. A & B).

A "motion for reconsideration" does not exist under the Federal Rules of Civil Procedure. Generally a motion filed more than 28 days after judgment is considered a motion under Rule 60(b). *Justice v. Town of Cicero, Ill.*, 682 F.3d 662, 665 (7th Cir. 2012); *see also* Fed. R. Civ. P. 59(e). Rule 60(b) permits a court to relieve a party from a final order or judgment based on such grounds as mistake, surprise, or excusable neglect; newly discovered evidence; fraud; or for any other reason that justifies relief. Fed. R. Civ. P. 60(b); *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000). But Rule 60(b) is not a substitute for appeal: "The ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal." *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *accord Stoller v. Pure Fishing, Inc.*, 528 F.3d 478, 480 (7th Cir. 2008).

The court of appeals has already held that Plaintiff's complaint was properly dismissed at screening. This Court is bound by that decision. Moreover, Plaintiff has not raised any grounds proper to a Rule 60(b) motion. He only states that he believes he has a meritorious case. Plaintiff's motion for reconsideration (Doc. 68) is therefore **DENIED**.

    **IT IS SO ORDERED.**

    **DATED: March 5, 2013**

    **/s/ MICHAEL J. REAGAN**
    **MICHAEL J. REAGAN**
    **United States District Judge**

---

[2] *Allen v. Godinez*, No. 12-CV-936-GPM.